IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES STRAIN, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-13-0782 |
| | § | |
| RICK THALER, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Charles Strain, Jr., a state inmate proceeding *pro se*, filed this section 1983 lawsuit against prison officials Rick Thaler, Brad Livingston, Joni White, Eva Shiver, and Phillip Bickham in their individual capacities, claiming violations of his Eighth Amendment rights. Defendants filed a motion to dismiss for failure to state a claim (Docket Entry No. 17). Plaintiff filed a "declaration in support of plaintiff['s] motion not to dismiss," which the Court construes as a response in opposition to the motion to dismiss (Docket Entry No. 20, 24).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this action for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Plaintiff claims that defendants have been deliberately indifferent to a serious risk of harm to him caused by threats and harassment from other inmates at the Ferguson Unit. He

states that he is a former prison gang member who disassociated from the gang several years ago, and is being threatened and harassed by other gang members at the Ferguson Unit. Plaintiff claims that a unit level classification committee recommended his transfer to another unit, but that the transfer was subsequently disapproved and he was instead placed in solitary cell housing for his safety. He argues that he should be transferred to "safe housing" in a different unit rather than continue being housed in a solitary cell wing at the Ferguson Unit.

Plaintiff claims that the defendants are liable for his mental and emotional anguish because they each "had knowledge of Plaintiff's complaints." (Docket Entry No. 1, p. 3.) Plaintiff seeks damages and an injunction transferring him to a "safe house" unit.

## II. ANALYSIS

### A. Legal Standard

Defendants seek dismissal of this lawsuit under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rule"). The Rule allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under the Rule, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support the elements of the cause of action in order to state a valid claim. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

Conclusory allegations do not constitute well-pleaded facts, and are not entitled to a presumption of veracity. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

(2009). Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

To survive a motion to dismiss under the Rule, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

B. <u>Eighth Amendment Claims</u>

Liberally construed, plaintiff's claims against the defendants arise under the Eighth Amendment for failure to protect.[1] Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), recovery of monetary damages is barred absent a showing of a specific physical injury. Under the PLRA, an inmate may not recover for emotional or mental damages without a showing of a specific physical injury. *Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or

---

[1] It is unclear whether plaintiff intended to raise an equal protection claim regarding his housing assignment. The phrase "equal protection" appears on several pages in his complaint, but only in the most cursory of manners. Given the conclusory nature of the allegation, the Court concludes that no viable equal protection claim has been stated.

emotional injuries non-recoverable, absent physical injury."). Nor will threats or harassment suffice to form the basis for an Eighth Amendment failure to protect claim. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993).

Because plaintiff fails to allege any physical injury arising from his current housing assignment, he fails to state an Eighth Amendment failure to protect or deliberate indifference claim for purposes of section 1983.[2]

C. <u>Injunctive Relief</u>

Plaintiff requests this Court to order his transfer from his current Ferguson Unit solitary housing cell to a "safe house" prison unit. As grounds, he argues that the threats and harassment are placing him in fear for his life and safety and that they constitute proof of a substantial risk that he will be harmed in the future. (Docket Entry No. 20, p. 11.) He further claims that his stay in the solitary cell has continued for "too long."

Plaintiff reports in his complaint that he was placed in administrative segregation after being found in possession of a deadly weapon, and was later moved to solitary housing away from the general population. (Docket Entry No. 1, pp. 10, 15.) He admits that this latter move was for the purpose of ensuring his safety. *Id.*, p. 15. Although it is difficult to follow

---

[2]Plaintiff's references to an assault in 2003 and to a second assault in 2009 or 2010 appear to be for historical background purposes only. Any claim for damages based on these prior assaults would be barred by the two-year statute of limitations at this point. Nor can the assaults constitute the required physical injury for purposes of section 1997e(e) in the instant lawsuit, as they do not constitute a physical injury incurred as a result of his current housing.

4

the chronology of his housing as set forth in his complaint, it appears plaintiff finds his current housing in a solitary cell "uncomfortable," "inconvenient," and "emotionally distressing." *Id.*, p. 16.

In the absence of extraordinary circumstances, which are not shown in the instant case, administrative segregation housing (or solitary cell housing) does not impose an atypical and significant hardship required to trigger due process protections. *Hernandez v. Velasquez*, 522 F.3d 556, 562–64 (5th Cir. 2008). Plaintiff's allegations fail to raise an issue of constitutional dimension for purposes of section 1983. His complaint does not establish a viable Eighth Amendment conditions of confinement or failure to protect claim as to his current housing, and no basis for injunctive relief is shown.

### III. CONCLUSION

Defendants' motion to dismiss (Docket Entry No. 17) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim. Any and all pending motions are **DENIED AS MOOT**.

**SIGNED** at Houston, Texas on the 17th day of December, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE